**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                       :

TREMONT RENAISSANCE HOUSING   :
DEVELOPMENT FUND COMPANY, INC.,  :
TREMONT RENAISSANCE LLC,      :
TREMONT RENAISSANCE AFFORDABLE LLC,:
MASTERMIND DEVELOPMENT LLC, and  :
JOY CONSTRUCTION CORPORATION,   :

               Plaintiffs,  :

      -against-           :

                       :

LEXINGTON INSURANCE COMPANY and  :
INTERNATIONAL INSURANCE COMPANY  :
OF HANNOVER SE,              :

              Defendants.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MEMORANDUM DECISION
AND ORDER

21 Civ. 2205 (GBD) (JW)

GEORGE B. DANIELS, United States District Judge:

Plaintiffs Tremont Renaissance Housing Development Fund Company, Inc., Tremont
Renaissance LLC, Tremont Renaissance Affordable LLC, Mastermind Development LLC, and
Joy Construction Corporation (collectively "Plaintiffs") brought this diversity action against
Lexington Insurance Company ("Defendant Lexington") and International Insurance Company of
Hannover SE ("Defendant Hannover") (collectively, "Defendants"), alleging that Defendants must
defend and indemnify Plaintiffs in a personal injury and New York State Labor Law ("NYLL")
case in New York Supreme Court ("*Weidtman* action"). (Notice of Removal, ECF No. 1, Ex. 1.)[1]
Plaintiffs moved for summary judgment, seeking a declaratory judgment that Defendant Lexington
must defend and indemnify Plaintiffs in the *Weidtman* action on a primary and non-contributory
basis as additional insureds under Lexington's insurance policies. (Pls.' Mot., ECF No. 33; Pls.'

---

[1] Defendant Hannover has not answered or appeared in this action.

1

Mem., ECF No. 35.)  Defendant Lexington cross-moved to dismiss or to stay this case pending resolution of the *Weidtman* action.  (Def.'s Mot., ECF No. 43; Def.'s Mem., ECF No. 42.)

Before this Court is Magistrate Judge Jennifer Willis' Report and Recommendation ("Report"), recommending that this Court grant Plaintiffs' motion for summary judgment as to Defendant Lexington's duty to defend Plaintiffs in the *Weidtman* action, deny Plaintiffs' motion as to Defendant Lexington's duty to indemnify Plaintiffs in the same, and deny Defendant Lexington's cross-motion to dismiss or stay the action.  (*See* Report, ECF No. 60.)  Magistrate Judge Willis also recommended that this Court find that Plaintiffs are additional insureds under Defendant Lexington's insurance policies, and that reimbursement of post-tender defense costs is owed.  Having reviewed the Report and all objections, this Court ADOPTS Magistrate Judge Willis' Report in full.  Defendant Lexington's motion to dismiss or stay the action is DENIED. Plaintiffs' motion for summary judgment is GRANTED as to Defendant Lexington's duty to defend Plaintiffs in the *Weidtman* action and DENIED as to Defendant Lexington's duty to indemnify Plaintiffs in the same.  Defendant Lexington must reimburse the post-tender defense costs incurred to date.  Pre-tender defense costs are not owed.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This Court assumes familiarity with the background set forth in the Report and recounts here only those facts necessary for resolution of the issues before it.[2]

In 2015, Plaintiffs Tremont Renaissance Housing Development Fund Company, Inc., Tremont Renaissance LLC, Tremont Renaissance Affordable LLC, Mastermind Development LLC (collectively "Tremont Plaintiffs") entered into a contract with Plaintiff Joy Construction

---

[2] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

Corporation ("Plaintiff Joy"), the general contractor, for the Tremont Plaintiffs' construction project. (ECF No. 44, Ex. 1; ECF No. 45, Exs. 1 and 2.)

In 2016, Joy entered into a subcontract with non-party Urban Precast LLC ("Urban Precast") to supply and install concrete planks. (ECF No. 49, Exs. 1 and 2.) That subcontract required Urban Precast to provide commercial general liability coverage with primary and non-contributory additional insured coverage, as well as "umbrella/excess liability coverage." (ECF No. 49, Ex. 2 at 4–6.) Urban Precast obtained the requisite insurance policies from Defendant Lexington. (ECF No. 51, Exs. 1 and 2; ECF No. 48, Ex. 3.) Similarly, Urban Precast entered in a sub-subcontract with non-party NYC Crane Hoist & Rigging LLC ("NYC Crane") to perform work at the Tremont project site. (ECF No. 46, Ex. 3.) The contract between Urban Precast and NYC Crane required NYC Crane to obtain additional insured coverage on a primary and non-contributory basis, which Defendant Hannover provided. (*Id.* at 5; ECF No. 48, Ex. 6.)

In 2017, Gregory Weidtman, a NYC Crane employee, suffered an accident on the Tremont project site. Mr. Weidtman is now suing Plaintiffs and non-party Urban Precast for negligence and NYLL violations in New York Supreme Court. *See Weidtman v. Tremont Renaissance Hous. Dev. Fund Co. Inc., et al*, (Sup. Ct. Bronx Cty., Index No. 20106/2018E). Defendant Lexington's insurance policy with Urban Precast and Defendant Hannover's insurance policy with NYC Crane were in effect at the time of Mr. Weidtman's accident. (ECF No. 51, Ex. 1 at 6; ECF No. 48, Ex. 3 at 5; ECF No. 48, Ex. 6 at 2.) Plaintiff Joy's insurer, RLI Insurance Company ("RLI") has been defending Plaintiffs in the *Weidtman* action. (ECF No. 1, Ex. 1, at ¶¶ 29–31.) On January 16, 2018, RLI requested that Defendant Lexington defend and indemnify Plaintiffs in the *Weidtman* action, a request that Defendant Lexington rejected. (ECF No. 48, Exs. 7, 8.)[3]

---

[3] Plaintiff Joy had a commercial general liability policy with RLI that was in effect during the accident. (ECF No. 48, Ex. 4.)

On October 11, 2022, Plaintiffs filed a motion for summary judgment seeking a declaratory judgment as to Defendant Lexington's duty to defend and duty to indemnify Plaintiffs as additional insureds in the *Weidtman* action. (Pls.' Mot.) On March 14, 2023, Defendant Lexington filed a cross-motion to dismiss or stay the action pending resolution of the *Weidtman* action. (Def.'s Mot.) On June 10, 2023, Magistrate Judge Willis filed her Report on both Plaintiffs' motion and Defendant Lexington's cross-motion. Both parties filed objections to the Report. (ECF Nos. 63, 66–68.)

## II.    LEGAL STANDARD

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569, 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## III.    DEFENDANT LEXINGTON'S CROSS-MOTION TO DISMISS OR STAY IS DENIED

Defendant Lexington argues that this Court should dismiss this action based on a theory of abstention, or, in the alternative, stay the action pending resolution of the underlying *Weidtman* action. (Def.'s Mem. at 19–25.) Plaintiffs contend that Defendant Lexington's motion to dismiss

or stay the action under a theory of abstention is inappropriate, given that Defendant Lexington removed this case to federal court. (Plaintiffs' Reply Mem. ("Pls.' Reply"), ECF No. 52 at 3, 14.)

For abstention to be appropriate, the federal and state proceedings must be "concurrent" or "parallel." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Karp*, 108 F.3d 17, 22 (2d Cir. 1997). "Federal and state proceedings are 'concurrent' or 'parallel' for purposes of abstention when the two proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same." *Id.* at 22 (citing *Sheerbonnet, Ltd. v. American Express Bank Ltd.*, 17 F.3d 46, 49–50 (2d Cir. 1994)). Finally, district courts have discretion to decide whether to dismiss or stay a declaratory judgment during the pendency of parallel state court proceedings. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282–88 (1995).

Defendant Lexington's motion to dismiss or stay under a theory of abstention is meritless. The *Weidtman* action and this case are not concurrent or parallel. Defendant Lexington and Defendant Hannover are not parties to the *Weidtman* action. (Report at 14; ECF No. 46, Ex. 4.) In addition, the issues presented in the *Weidtman* action are distinct. The *Weidtman* action is a negligence and NYLL labor violations case that does not cover this insurance coverage dispute. (Pls.' Reply at 14; Report at 14–17.) Here, the federal and state proceedings present different claims and involve different parties. Thus, contrary to Defendant Lexington's contentions, these actions are not duplicative and dismissing or staying this action under a theory of abstention is not appropriate. (Report at 19–20); *Wilton*, 515 U.S. at 289.

As the Report notes, it was Defendant Lexington who removed this case to federal court invoking this Court's diversity jurisdiction. (*See* Notice of Removal, ECF No. 1.) Yet Defendant Lexington now contends that abstention is appropriate to avoid "duplicative, piecemeal litigation" in both state and federal court. (Def.'s Mem. at 24.) Indeed, "if Lexington preferred that this

5

action be decided by state court because state law applies, then Lexington should not have removed." (Report at 17.)

This Court thus adopts Magistrate Judge Willis' recommendation and denies Defendant Lexington's cross-motion to dismiss or stay this action.

## IV.    PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT IS GRANTED AS TO DEFENDANT LEXINGTON'S DUTY TO DEFEND

Plaintiffs argue that Defendant Lexington has a duty to defend and indemnify them in the *Weidtman* action because Plaintiffs are additional insureds under the Lexington insurance policies. (Pls.' Mem. at 8–11, 13.) Defendant Lexington argues that Plaintiffs do not qualify as additional insureds. (Def.'s Mem. at 15–17.)

Plaintiffs are additional insureds under Defendant Lexington's insurance policies. "When a dispute arises involving the terms of an insurance contract, New York insurance law provides that an insurance contract is interpreted to give effect to the intent of the parties as expressed in the clear language of the contract." *Parks Real Est. Purch'g Grp. v. St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 42 (2d Cir. 2006) (citations and quotation marks omitted). The terms in Lexington's policies regarding additional insureds are unambiguous. As to the Lexington commercial general liability policy, Plaintiffs plainly fall within the policy's "Additional Insured Required by Written Contract" endorsement. (Report at 20–21.) Plaintiffs also qualify as additional insureds under Lexington's umbrella policy. (*Id.* at 22–25.) Thus, this Court applies the clear and unambiguous terms of Lexington's insurance policies and finds that Plaintiffs are additional insureds.

Plaintiffs are also entitled to coverage under Defendant Lexington's insurance policies on a primary and non-contributory basis. The coverage required for an additional insured is presumed to be primary unless unambiguously stated otherwise. *Pecker Iron Works of New York, Inc. v.*

6

*Traveler's Ins. Co.*, 99 N.Y.2d 391, 393 (2003). Here, the relevant policies with Urban Precast state that the additional insured coverage for Plaintiffs must be on a primary and non-contributory basis. (Report at 33.) In addition, as the Report correctly determined, the Lexington policies clearly contemplate providing primary and non-contributory coverage to Plaintiffs as additional insureds. (*See* Report at 31–34; ECF No. 49, Ex. 2 at 5.)

Defendant Lexington further argues that the determination of priority of coverage is inappropriate because Defendant Hannover is a required party, and Hannover has failed to appear in this action. (Def.'s Mem. at 16–17; Report at 34.) This argument is without merit. As the Report correctly concluded, the determination of Defendant Lexington's liability under their policies does not require a determination about Hannover's rights or obligations. (*See* Report at 35–36.) Hannover is not a necessary party pursuant to Fed. R. Civ. P. 19(a). (*See* Report at 34–37.) As Magistrate Judge Willis correctly determined, priority of coverage is not "necessary to resolve Plaintiffs' claims against Defendant Lexington."[4] (*Id.* at 16.) Indeed, Plaintiffs have the right to "elect which of its insurers should defend and indemnify the claim by tendering its defense to one insurer and not the other." *Royal Ins. Co. of Am. v. Com. Underwriters Ins. Co.*, No. 3 Civ. 8325 (NRB), 2004 WL 2609522 at *6 (S.D.N.Y. Nov. 15, 2004) (citation omitted). Defendant Lexington must provide Plaintiffs primary and non-contributory coverage.

As a result, Defendant Lexington has a duty to defend Plaintiffs in the *Weidtman* action. Under New York insurance law, an insurer's duty to defend is "exceedingly broad" such that "[i]f the allegations of the complaint are even potentially within the language of the insurance policy, there is a duty to defend." *High Point Design, LLC v. LM Ins. Corp.*, 911 F.3d 89, 94–95 (2d Cir. 2018) (quoting *Town of Massena v. Healthcare Underwriters Mut. Ins. Co.*, 749 N.Y.S.2d 456,

---

[4] As the Report correctly notes, depending on the outcome of the *Weidtman* action, Defendant Lexington would be able to sue Defendant Hannover for contribution. (*See* Report at 16–17, 27–28.)

459 (2002)). The relevant policy covers additional insureds for bodily injuries "arising out of" Urban Precast's work. (ECF No. 51, Ex. 2 at 7; ECF No. 48, Ex. 3 at 42.) Here, Gregory Weidtman, while employed by sub-subcontractor NYC Crane, alleges that he was injured while performing work subject to Urban Precast's contract with Plaintiff Joy, an additional insured party. (ECF No. 46, Ex. 4 at 16–17.) This is sufficient to meet the "arising out of" standard to invoke Defendant Lexington's duty to defend. *See 622 Third Avenue Co. v. Nat'l Fire Ins. Co. of Hartford*, No. 21 Civ. 6050 (KPF), 2022 WL 17736796, at *8 (S.D.N.Y. Dec. 16, 2022) (noting that "arising out of" is satisfied where an "insured's subcontractor's employee[] is injured during the course of his work for an additional insured."). Thus, Defendant Lexington has a duty to defend Plaintiffs in the *Weidtman* action.

As the Report correctly determined, Plaintiffs are entitled to recover post-tender defense costs from Defendant Lexington as additional insureds under Lexington's insurance policies. (*See* Report at 34); *Harco Constr., LLC v. First Mercury Ins. Co.*, 140 N.Y.S.3d 553 (2021). "[I]n the event of a breach of the insurer's duty to defend, the insured's damages are the expenses reasonably incurred by it in defending the action after the carrier's refusal to do so." *Nat'l Union Fire Ins. Co. v. Greenwich Ins. Co.*, 962 N.Y.S.2d 9 (1st Dep't 2013) (internal quotation marks omitted); *Travelers Indem. Co. of Connecticut v. Selective Fire & Cas. Ins. Co.*, No. 21 Civ. 2625 (MKV), 2023 WL 2647654, at *7 (S.D.N.Y. Mar. 27, 2023).

To date, Defendant Lexington has refused to defend the tort defendants in the *Weidtman* action and must therefore reimburse Plaintiffs and RL1 "for the defense costs (including reasonable attorneys' fees and costs) it has incurred providing that defense." *Arch Specialty Ins. Co. v. Farm Fam. Cas. Ins. Co.*, 238 F. Supp. 3d 604, 612-13 (S.D.N.Y. 2017).

8

While Defendant Lexington is obligated to reimburse Plaintiffs for reasonable attorneys' fees and expenses incurred in the defense of the *Weidtman* action, "the amount of such fees and expenses owed cannot be decided on summary judgment." *Napoli, Kaiser & Bern, LLP v. Westport Ins. Corp.*, 295 F. Supp. 2d 335, 343 (S.D.N.Y. 2003); (Def.'s Objs. at 9–11.) Indeed, Plaintiffs have provided "no documentary evidence of the defense costs it has actually incurred." *Selective Fire*, 2023 WL 2647654, at *7. An inquest on damages will be necessary unless the parties can reach agreement with respect to the amount of post-tender defense costs owed. [5] This Court will therefore issue a separate referral with respect to an inquest on the amount of damages.

Finally, this Court agrees with Magistrate Judge Willis that pre-tender defense costs are not owed. (Report at 34); *see Bovis Lend Lease LMB, Inc. v. Royal Surplus Lines Ins. Co.*, 806 N.Y.S.2d 53, 61 (1st Dept. 2005).

Plaintiffs' motion for summary judgment as to Defendant Lexington's duty to defend Plaintiffs in the *Weidtman* action is granted. Plaintiffs are entitled to recover the post-tender defense costs incurred to date but are not owed pre-tender defense costs.

## V.    PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT IS DENIED AS TO DEFENDANT LEXINGTON'S DUTY TO INDEMNIFY

Plaintiffs argue that Defendant Lexington has a duty to indemnify them in the *Weidtman* action as a matter of law because Plaintiffs are additional insureds. (Pls.' Mem. at 9–11.) Defendant Lexington contends that a determination of indemnity coverage is "premature" and that

---

[5] Plaintiffs may not recover doubly for costs that have been already reimbursed by RLI. "An insured cannot obtain reimbursement for defense costs from one insurer when those costs have already been reimbursed by another insurer." *Consol. Edison Co. of New York v. Lexington Ins. Co.*, No. 14 Civ. 6547 (CM) (JLC), 2015 WL 4611206, at *5 (S.D.N.Y. July 30, 2015) (citing *Inchaustegui v. 666 Fifth Avenue Limited Partnership*, 96 N.Y.2d 111 (2001)). Thus, Defendant Lexington's obligation to reimburse Plaintiffs is limited to defense costs that Plaintiffs have themselves incurred, or that Plaintiffs are obligated to recover on RLI's behalf. *Consol. Edison Co. of New York*, 2015 WL 4611206, at *5–6.

there is a dispute of material fact as to whether Mr. Weidtman's injury in the underlying action arose out of work covered by the relevant policies. (Def.'s Mem. at 13–15.)

Plaintiffs' motion for summary judgment as to Defendant Lexington's duty to indemnify is denied because a dispute of material fact exists that cannot be resolved on a motion for summary judgment. Unlike the duty to defend, a "duty to indemnify is narrower and distinct," *Town Plaza of Poughquag, LLC v. Hartford Ins. Co.*, 175 F. Supp. 3d 93, 99 (S.D.N.Y. 2016), and is "measured by the actual basis for the insured's liability rather than the allegations of [the] pleadings . . . ." *Wausau Underwriters Ins. Co. v. Old Republic Gen. Ins. Co.*, 122 F. Supp. 3d 44, 51 (S.D.N.Y. 2015) (alterations in original) (citation omitted). The relevant policy states that additional insured coverage arises out of "your work" for the additional insured. (ECF No. 51, Ex. 2 at 7.) This Court agrees with Magistrate Judge Willis' determination that the exclusion of "contractor or subcontractor" in the policy's definition of "your work" does not unambiguously include the work of subcontractors of a named insured party. (Report at 30–31; ECF No. 51, Ex. 1 at 27–28.)

Mr. Weidtman alleges that he was injured while trying to position a concrete plank while employed by a sub-subcontractor. There is a dispute of material fact whether Mr. Weidtman's accident arose out of Urban Precast's work for Plaintiffs. (Report at 30; ECF No. 48, Ex. 7 at 2; ECF No. 46, Ex. 4 at 17.) Indeed, the *Weidtman* court denied summary judgement against Urban Precast because it determined there were "triable issues of fact as to which contracted work [Mr. Weidtman]'s accident arose out of." (ECF No. 59, Ex. 1 at 5–6.) As the Report correctly determined, summary judgment is inappropriate because Defendant Lexington has plausibly pled that there is a genuine dispute of material fact regarding the connection between Urban Precast's work and Mr. Weidtman's accident. (Report at 29–31.) Because the duty to indemnify hinges upon which contracted work Mr. Weidtman's accident arose out of, Plaintiffs' motion for summary

judgment as to Defendant Lexington's duty to indemnify Plaintiffs in the *Weidtman* action is denied.

## VI.   CONCLUSION

Magistrate Judge Willis' Report is ADOPTED in full.   Defendant Lexington's cross-motion to dismiss or stay this action is DENIED.   Plaintiffs' motion for summary judgment is GRANTED as to Defendant Lexington's duty to defend Plaintiffs in the *Weidtman* action and DENIED as to Defendant Lexington's duty to indemnify Plaintiffs in the same.   Plaintiffs are additional insureds under Defendant Lexington's insurance policies and are entitled to primary and non-contributory coverage.   Defendant Lexington has a duty to defend Plaintiffs in the *Weidtman* action under Lexington's commercial general liability policy, and post-tender defense costs incurred to date are owed.   Pre-tender defense costs are not owed.   This Court will issue a separate referral with respect to an inquest on the amount of damages.   The Clerk of Court is directed to close the open motions at ECF Nos. 33 and 43 accordingly.

Dated: August 15, 2023
       New York, New York

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

11